1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

**HERCULANO DELGADILLO,**

Petitioner,

**v.**

**C. GIPSON, Warden,**

Respondent.

Case No. 1:12-cv-01965 LJO MJS (HC)

**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**

**[Doc. 12]**

17

18      Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

19  corpus pursuant to 28 U.S.C. § 2254. Respondent C. Gipson, Warden of California State

20  Prison, Corcoran, is represented in this action by Andrew R. Woodrow, of the Office of

21  the Attorney General for the State of California.

22  **I.      BACKGROUND**

23      Petitioner is currently in the custody of the California Department of Corrections

24  pursuant to a judgment of the Superior Court of California, County of San Diego, upon

25  being convicted by a jury of aggravated assault, corporal injury to a spouse, and terrorist

26  threats. (Pet. at 1.) After his conviction, Petitioner was sentenced to a determinate term

27  of fifteen years. (Id.)

28      In 2010, Petitioner challenged whether the reduction of his credit earning capacity

1

under California Penal Code section 2933.6 violated the Ex Post Facto Clause. On November 18, 2010, a director's level administrate appeal decision denied his claim and served to exhaust his administrative remedies. (See Mot. To Dismiss, Ex. 1 at 28-29.

Petitioner proceeded to three petitions for writ of habeas corpus in the California state courts as follows:

    1.   <u>Kings County Superior Court</u>
        Filed: November 1, 2011[1];
        Denied: January 9, 2012;

    2.   <u>California Court of Appeal, Fifth Appellate District</u>
        Filed: February 1, 2012[2];
        Denied: February 8, 2012;

    3.   <u>California Supreme Court</u>
        Filed: August 3, 2012[3];
        Denied: October 17, 2012;

(Mot. to Dismiss, Exs. 1-3.)

On November 29, 2012[4], Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On June 24, 2013, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 12.) Petitioner filed an opposition to the motion on August 8, 2013, and Respondent filed a reply on August 9, 2013. (ECF Nos. 15-16.)

## II.   **DISCUSSION**

### A.   **Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on November 8, 2011, pursuant to the mailbox rule the Court considers the petition filed on November 1, 2011, the date Petitioner signed the petition.

[2] Although the petition was filed on February 7, 2012, pursuant to the mailbox rule the Court considers the petition filed on February 1, 2012, the date Petitioner signed the petition.

[3] Although the petition was filed on August 9, 2012, pursuant to the mailbox rule the Court considers the petition filed on August 3, 2012, the date Petitioner signed the petition.

[4] Although the petition was filed on December 3, 2012, pursuant to the mailbox rule the Court considers the petition filed on November 29, 2012, the date Petitioner signed the petition.

1   dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

2   petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

3   Section 2254 Cases.

4       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

5   answer if the motion attacks the pleadings for failing to exhaust state remedies or being

6   in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,

7   420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to

8   exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using

9   Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

10   Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a

11   respondent can file a motion to dismiss after the court orders a response, and the Court

12   should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 &

13   n. 12.

14       In this case, Respondent's motion to dismiss is based on a violation of the one-

15   year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss

16   is similar in procedural standing to a motion to dismiss for failure to exhaust state

17   remedies or for state procedural default and Respondent has not yet filed a formal

18   answer, the Court will review Respondent's motion to dismiss pursuant to its authority

19   under Rule 4.

20       **B.**    **Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

21       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

22   Penalty Act of 1996 (hereinafter "AEDPA").  AEDPA imposes various requirements on all

23   petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy,

24   521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th

25   Cir. 1997).

26       In this case, the petition was filed on November 29, 2012, and is subject to the

27   provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners

28   seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As

amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The provisions of § 2244(d)(1)(D), rather than § 2244(d)(1)(A), apply to habeas corpus actions challenging decisions of administrative bodies. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003). In such cases, the limitation period begins when the petitioner receives notice of denial of the final administrative appeal from the administrative decision at issue. Id.; see also, Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012) (generally, state agency's denial of an administrative appeal constitutes the "factual predicate" for habeas claims challenging state administrative actions affecting "fact or duration of . . . confinement").

In this case, Petitioner's administrative appeal was denied at the third and final level on November 18, 2010. The statute began to run the following day, on November 19, 2010. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001).

Petitioner would have one year from November 18, 2010, absent applicable

1  tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner

2  delayed in filing the instant petition until November 29, 2012, over a year after the statute

3  of limitations period expired. Absent the later commencement of the statute of limitations

4  or any applicable tolling, the instant petition is barred by the statute of limitations.

5  **C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

6  28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

7  application for State post-conviction or other collateral review with respect to the

8  pertinent judgment or claim is pending shall not be counted toward" the one year

9  limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held

10  the statute of limitations is tolled where a petitioner is properly pursuing post-conviction

11  relief, and the period is tolled during the intervals between one state court's disposition of

12  a habeas petition and the filing of a habeas petition at the next level of the state court

13  system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th

14  Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

15  under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

16  timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

17  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

18  determined by the federal courts to have been untimely in state court will not satisfy the

19  requirements for statutory tolling. Id.

20  Here, the statute of limitations began to run on November 18, 2010, the date

21  Petitioner's administrative appeal was denied. Petitioner filed state habeas petitions

22  beginning on November 1, 2011, in the Kings County Superior Court, and on February 1,

23  2012 in the California Court of appeal. As of November 1, 2011, 348 days of the

24  limitations period had elapsed. Respondent does not challenge Petitioner's right to tolling

25  during the pendency of the two petitions and the interval between the filing of the

26  petitions. Accordingly, Petitioner is entitled to tolling from November 1, 2011, until the

27  date the petition filed in the California Court of Appeal, Fifth Appellate District was denied

28  on February 8, 2012. As 348 days of the limitations period already elapsed, 17 remained

5

1   as of February 8, 2012.

2          Petitioner next filed an appeal with the California Supreme Court on August 3,

3   2012, which was denied on October 17, 2012. Petitioner is not entitled to interval tolling

4   between the denial of his second state petition and the filing of the third state petition.

5   Petitioner delayed by waiting 177 days, almost six months, between the time his second

6   petition was denied on February 8, 2012 and the filing of his third petition on August 3,

7   2012. In Evans v. Chavis, 546 U.S. 189, 201 (2006) the Supreme Court ruled that a

8   delay of six months between the denial of a petition and the filing of another was an

9   "unjustified delay". The Court stated, "Six months is far longer than the 'short periods of

10  time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme

11  court." Id. Therefore, petitioner is not entitled to tolling for the six month unexplained and

12  unjustified period between his second and third petitions. See Velasquez v. Kirkland,

13  639 F.3d 964 (9th Cir. 2011).

14         Accordingly, the statute of limitations expired the next business day after the 17

15  limitation period expired, on February 27, 2012. State petitions filed after the expiration

16  of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer,

17  321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the

18  limitations period that has ended before the state petition was filed."). The present

19  petition was filed on November 29, 2012, over nine months after the expiration of the

20  year statute of limitations period. The instant federal petition is untimely.

21         **D.     Equitable Tolling**

22         The limitations period is subject to equitable tolling if the petitioner demonstrates:

23  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

24  circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010);

25  quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would

26  give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th

27  Cir. 1993). Petitioner claims he is entitled to equitable tolling based on his placement in

28  administrative segregation and limited access to the law library.

1.      Placement in Administrative Segregation

Petitioner claims that he was unable to timely file his petition due his placement in administrative segregation. Placement in administrative segregation is not extraordinary and does not warrant equitable tolling. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009). However, the Ninth Circuit has recognized that a petitioner's separation from his file and transcripts may provide a basis for equitable tolling. Id. (a complete lack of access to a legal file may constitute an extraordinary circumstance); United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (equitable tolling may be allowed if counsel withheld transcripts during limitations period).

The fact that Petitioner was placed in segregated custody is not, standing alone, an extraordinary incidence of prison life that would qualify for equitable tolling. Ramirez, 571 F.3d at 998. Petitioner has not met the burden of showing that that his placement in administrative segregation prevented his timely filing of the petition. Id. The Court concludes that Petitioner did not exercise due diligence and that his arguments regarding inability to properly prepare the petition lack merit. Therefore, equitable tolling is inappropriate.

2.      Limited Access to Law Library

Petitioner also claims that he was limited access to the law library. Such circumstances are not extraordinary and do not warrant equitable tolling. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal. 1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 U.S. Dist. LEXIS 164, 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition . . . ."); Giraldes v. Ramirez-Palmer, 1998 U.S. Dist. LEXIS 17573, 1998 WL

1  775085, *2 (N.D. Cal. 1998) (holding that prison lockdowns do not constitute

2  extraordinary circumstances warranting equitable tolling).

3      Petitioner filed his petition seven months late, and while asserting that he unable

4  to timely research and prepare the petition, he does not provide specific evidence that

5  his access to his files or the law library were limited during the relevant period. Petitioner

6  provides a declaration with his opposition that he had difficulty accessing the law library

7  in November and December, 2012, however those instances occurred well after the

8  limitations period had expired. His claim that his lack of access to the law library should

9  equitably toll the limitations period is insufficient and does not justify equitable tolling.

10  **III.    CONCLUSION**

11      As explained above, Petitioner failed to file the instant petition for Habeas Corpus

12  within the one year limitation period required by 28 U.S.C. § 2244(d). Furthermore, while

13  Petitioner is entitled to the benefit of statutory tolling, the petition remains untimely.

14  Moreover, Petitioner is not entitled to equitable tolling. Based on the foregoing, this Court

15  recommends that Respondent's motion to dismiss be GRANTED.

16  **IV.    RECOMMENDATION**

17      Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for

18  Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be

19  GRANTED.

20      This Findings and Recommendation is submitted to the assigned  United States

21  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

22  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

23  District of California. Within thirty (30) days after the date of service of this Findings and

24  Recommendation, any party may file written objections with the Court and serve a copy

25  on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

26  Findings and Recommendation."  Replies to the Objections shall be served and filed

27  within fourteen (14) days after service of the Objections.   The Finding and

28  Recommendation will then be submitted to the District Court for review of the Magistrate

1  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure
2  to file objections within the specified time may waive the right to appeal the Order of the
3  District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10  IT IS SO ORDERED.

11      Dated:   <u>August 15, 2013</u>          /s/ *Michael J. Seng*
12                                     UNITED STATES MAGISTRATE JUDGE